IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff,* | § § | |
| vs. | § § | SA-20-CR-00061-OLG |
| (1) RICHARD MICHAEL VANN JR., | § § § | |
| *Defendant.* | § § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable Chief United States District Judge Garcia:**

This Report and Recommendation concerns Defendant's Amended Motion to Withdraw Plea of Guilty [#63]. Also before the Court are the Government's Response in Opposition to Defendant's Motion to Withdraw Plea of Guilty [#64] and Defendant's Reply [#65]. The motion was referred to the undersigned on January 3, 2022. The undersigned has authority to enter this Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

The Court held a hearing on January 28, 2022, at which all parties appeared through counsel and presented argument on the Motion to Withdraw Plea. For the reasons set forth below, it is recommended that Defendant's Amended Motion to Withdraw Plea of Guilty [#63] be **DENIED**.

**I. Background**

Defendant Richard Michael Vann was arrested, and his vehicle was searched, by the San Antonio Police Department ("SAPD") on May 6, 2019, after SAPD officers followed Defendant to an auto body shop and witnessed Defendant engaging in a transaction involving a clear bag of marijuana. (Police Report [#64], at 15.) His arrest followed a month and a half long

1

investigation which included documentation of other suspected drug transactions and the detection of marijuana aromas at Defendant's storage unit.  (Police Report [#64], at 19–20.) After his arrest SAPD obtained search warrants for Defendant's residence and storage unit from a Municipal Court Judge.  (Res. Warrant [#65-1], Storage Warrant [65-2].)  On executing those warrants, several firearms, firearm accessories, drugs, and drug paraphernalia were recovered.  (Police Report [#64], at 21–22.)   Some of the firearms, accessories, and drugs found in Defendant's home and storage unit resulted in a February 5, 2020, federal indictment for violations of 18 U.S.C. § 922(g)(1), felon in possession of a firearm; 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking crime; and 26 U.S.C. § 5861(d), possession of an unregistered firearm.  (Indictment [#3]).  Defendant was arrested on these federal charges on May 22, 2020.

On February 5, 2021, Defendant signed a plea agreement where he pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime and possession of an unregistered firearm.  (Plea Agmt. [#33], at 1.)  As a part of the plea agreement, the Government agreed to dismiss the charge of felon in possession of a firearm.  *Id.*  Defendant, represented by counsel, appeared before United States Magistrate Judge Bemporad on March 4, 2021, and pleaded guilty.  Five months later, on August 31, 2021, Defendant's counsel sought to withdraw from representation, citing Defendant's desire to move for withdrawal of his guilty plea.  (Att'y Mot. Withdraw [#51], at 1.)

The following month Defendant's current counsel was substituted, and exactly three months later on December 21, 2021, Defendant filed his Motion to Withdraw Plea of Guilty [#63].   During that three-month period, Defendant's current counsel inquired with the Government about additional discovery related to the May 2019 arrest by SAPD.   The

Government then obtained from SAPD supplemental reports and produced those reports to defense counsel on November 16, 2021, along with bodycam footage that also had been produced to Defendant's prior counsel earlier in the case ("November Discovery"). Defendant contends this discovery shows that SAPD lacked probable cause to arrest him and search his vehicle on May 6, 2019.

## II.  Legal Standard

Following the court's acceptance of his guilty plea, a defendant does not have an absolute right to withdraw that plea. *See United States v. Stephens,* 489 F.3d 647, 654 (5th Cir. 2007). The court may allow withdrawal prior to sentencing if the defendant shows that his request is supported by a fair and just reason. *See* Fed. R. Crim. P. 11(d)(2). A trial court has broad discretion to determine whether to permit withdrawal of a guilty plea. *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003). "The burden of establishing a fair and just reason for withdrawing a guilty plea remains at all times on the defendant." *United States v. Vergott*, 662 Fed. Appx 320, 325 (5th Cir. 2016).

In determining whether the reason provided is fair and just, courts consider seven non-exclusive factors. *United States v. Carr*, 740 F.2d 339, 343-344 (5th Cir. 1984). These factors are whether: (1) the defendant has asserted his innocence; (2) granting the motion would result in the government suffering prejudice; (3) the defendant has delayed in filing his motion to withdraw the plea; (4) the withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available to defendant; (6) the defendant's original plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *Id.* at 343–344. No single factor or combination of factors mandates a particular result; instead, the court's decision should be based on a totality of the circumstances. *Id.* at 344.

### III. Analysis

Considering the totality of the circumstances, the undersigned finds that the *Carr* factors individually and collectively weigh against allowing Defendant to withdraw his guilty plea.

**Factor One: Assertion of Innocence.**  At the hearing Defendant conceded that he is not asserting his actual innocence;[1] he is instead arguing that he is legally innocent because he contends the evidence that would establish his guilt should be suppressed.  "[A]n assertion of legal innocence is not sufficient to warrant withdrawal of a guilty plea."  *United States v. McLean*, 419 Fed. Appx. 473, 475 (5th Cir. 2011).  This factor therefore weighs against allowing Defendant to withdraw his plea.

**Factor Two: Prejudice to the Government.**  The Government argues that it would suffer prejudice if Defendant were permitted to withdraw his guilty plea.  Specifically, the Government argues that the conduct leading to the charges against Defendant occurred two and a half years ago and that it would now have to renew an investigation that has been dormant due to Defendant's plea, and that the Government, in reliance on the plea, changed their procedural posture with regard to the unindicted coconspirators.  (Gov't Resp. [#64], at 8.)

The Fifth Circuit has found the significant passage of time causes the Government prejudice.  *See United States v. Arnold*, 420 Fed. App'x 404, 405 (5th Cir. 2011) (finding a period of two and a half years caused prejudice to the Government); *United States v. Lampazianie*, 251 F.3d 519, 525 (5th Cir. 2001) (recognizing prejudice to the government when the relevant conduct occurred years prior to the motion).  Here, a similar amount of time has elapsed and supports the Government's argument that it would be prejudiced.

---

[1]  Defendant declared his guilt unequivocally multiple times, and he did not dispute that in his pleadings or at the hearing.  In his plea colloquy Defendant declared under oath that the factual basis recounted in the plea agreement was accurate.  Defendant also made a subsequent written statement to a Probation Officer admitting guilt and accepting responsibility.  (PSR [#55], at 5.)

Defendant responds that there is no prejudice to the Government because Defendant is merely seeking a hearing on a motion to suppress, "a simple matter of law." (Def. Reply [#65], at 4.) The undersigned notes that hearings on motion to suppress are substantive and sometimes lengthy and often require live testimony and so they can tax Government resources. But even if a hearing on Defendant's motion would be simple or straightforward, that does not negate the prejudice identified by the Government—the significant time that has elapsed since Defendant entered his guilty plea. This factor therefore also weighs against permitting Defendant to withdraw his plea.[2]

**Factor Three: Delay in Filing Withdrawal Motion.** The delay between Defendant's plea and filing his motion to withdraw also weighs in the Government's favor. "The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered." *Carr*, 740 F.2d at 345. The purpose of withdrawal of a plea "is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *Id.* Lengthy delays between the entry of a plea and the filing of a motion to withdraw that plea indicate a tactical decision and weigh against the defendant. *See United States v. London*, 568 F.3d 553, (5th Cir. 2009) (finding six-week delay excessive); *Lampaziauie*, 251 F.3d at 525 (affirming seven-month delay weighs against defendant). Moving to withdraw a plea on the eve of sentencing makes any delay even more suspect. *Carr*, 740 F.2d at 345 (finding

---

[2] Moreover, even if Defendant is correct that SAPD lacked probable cause to search his vehicle, a motion to suppress is unlikely to succeed. Defendant focuses on one paragraph of the search warrant affidavits and ignores the other four paragraphs detailing additional bases for probable cause to search Defendant's residence and storage unit. (Res. Warrant [#65-1], at 1–2, Storage Warrant [65-2], at 1–2.) Furthermore, even if probable cause was lacking, the evidence discovered as a result of the execution of those warrants would still likely be admissible under the "good-faith" exception. *See United States v. Leon*, 468 U.S. 897, 104 (1984).

motion to withdraw filed three days before sentencing and 22 days after entering plea unduly delayed).  The longer the delay, the more substantial the reason for the delay must be.  *Id.* at 344.

Here, there is a five-month delay between entry of the plea and notice that a motion to withdrawal might be filed, and a more than nine-month delay between the plea and the motion for withdrawal.  Defendant argues that the delay is not unreasonable because prior counsel declined to file the motion, the motion to withdraw was triggered by the November Discovery, and the request is not an eleventh-hour request.  (Def. Reply [#65], at 3.)

These arguments are not persuasive.  First, neither prior counsel's advice against filing a motion for withdrawal nor his withdrawal excuses Defendant's more than nine-month delay—including a three-month delay since obtaining current counsel—between entry of the plea and filing a motion to withdraw his guilty plea.  *See London*, 568 F.3d at 563 (finding that prior counsel's refusal to file motion to withdraw and subsequent change of counsel does not excuse six-week delay).  Second, the timeline does not support that the November Discovery caused the delay because according to the record, Defendant had already indicated his desire to withdraw the plea of guilty months before the November Discovery was obtained.  (Att'y Mot. Withdraw [#51], at 1.)  What the timeline does suggest is that Defendant, after acknowledging via his plea agreement and during his plea colloquy that he understood the consequences of pleading guilty, once facing the reality of his likely sentence, had a change of heart.  That is not a reason to permit the withdrawal of a guilty plea.  *See Carr*, 740 F.2d at 345.  (The purpose of withdrawal of a plea "is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.").  Third, sentencing of Defendant has been delayed at least twice because of Defendant's desire to file this motion; most recently just two days before sentencing.  (Order Resetting Sent'g

6

[#57], Order Canceling Sent'g [#60].)   Defendant's motion to withdraw his plea was not promptly filed, and his delay weighs against permitting withdrawal of his plea.

**Factor Four: Inconvenience to the Court.**  Much like the second factor, with regard to the fourth factor, Defendant argues that the Court will not be inconvenienced because Defendant is merely seeking to file a motion to suppress.  (Def. Reply [#65], at 4.)  This argument fails to negate the inconvenience to the Court for the same reasons that it failed to negate the prejudice to the Government.  Defendant asserts that if the Motion to Suppress were denied he would waive trial.  *Id.*  Even without a trial, withdrawal of Defendant's guilty plea inconveniences the Court, as at this time, the only remaining step in Defendant's case is his sentencing, which has been delayed by this motion.  If his guilty plea is withdrawn and a motion to suppress is litigated, other proceedings could follow, which might include not just the motion-to-suppress hearing, but also another guilty plea proceeding, other motion hearings, and/or a trial.   That the case is so far along creates inconvenience for the Court.  *See United States v. Lord*, 915 F.3d 1009, 1015 (5th Cir. 2019) ("When, as here, the district court has already reviewed the PSR [Presentence Investigation Report] and other materials, a motion to withdraw is disruptive to the trial docket and inconveniences the court.").  This case has been pending for nearly two years, Defendant's PSR has been reviewed, and sentencing has already been delayed four times.  Withdrawal of Defendant's plea would serve to further inconvenience the Court.

**Factor Five: Close Assistance of Counsel.**  Defendant argues he did not receive close assistance of counsel.  "[C]lose assistance of counsel [is] available where counsel negotiated a plea agreement, filed motions, discussed the case with the defendant, and explained the defendant's rights and the weight of the evidence, and where counsel was available throughout the proceedings and the defendant expressed satisfaction with counsel." *United States v.*

*Strother*, 977 F.3d 438, 445 (5th Cir. 2020) (internal citations omitted). Here, Defendant was represented by counsel at all times. While Defendant has had three sets of counsel, the record reflects that they each filed multiple motions on his behalf. In his plea colloquy Defendant declared under oath that he reviewed each paragraph of the plea agreement and the sentencing guidelines with counsel prior to entering his plea. In fact, Defendant did not express any dissatisfaction with any counsel until his second set of attorneys advised him that seeking to withdraw his guilty plea would not be in his best interest. (Att'y Mot. Withdraw [#51], at 1.) Defendant had close assistance of counsel, and this factor also weighs against permitting the withdrawal of his guilty plea.

**Factor Six: Knowing and Voluntary Plea.** Defendant argues that because he entered his plea agreement prior to receipt of the November Discovery, his plea was not knowing and voluntary. The case law is clear on what it means for a plea to be knowing and voluntary. "Rule 11 ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). To enter a knowing and voluntary guilty plea, a defendant must be informed of the nature of the charge alleged in the indictment, the constitutional rights he is waiving by pleading guilty, and the maximum possible sentence he faces. *Vergott,* 662 Fed. Appx at 326. The plea colloquy in this case complies with Rule 11's requirements. Even assuming that the November Discovery contained new information, incomplete discovery does not render a plea unknowing or involuntary. *See McLean*, 419 Fed. App'x. at 474–475 (holding that alleged failure of the government to disclose requested evidence does not render a plea unknowing or involuntary). This factor too weighs in favor of denying Defendant's motion.

8

**Factor Seven: Waste of Judicial Resources.**  As was the case with the second and fourth factors, regarding the seventh factor, Defendant argues that there will be no waste of judicial resources because Defendant is merely seeking to file a motion to suppress.  (Def. Reply [#65], at 4.)  This argument fails again for the same reasons stated previously.  If the Motion is granted, the Court will be required to expend resources in ruling on a motion to suppress which may involve scheduling and holding a suppression hearing.  The Court would also be faced with scheduling any other pretrial hearings as well as a potentially lengthy trial.  Granting Defendant's motion to withdraw his guilty plea in this case would result in at least some waste of judicial resources.

## IV.  Conclusion and Recommendation

Accordingly, having considered Defendant's motion, the response and reply thereto, and the arguments of counsel at the hearing, the undersigned finds that all factors favor denying Defendant's request to withdraw his guilty plea, and therefore recommends that Defendant Richard Michael Vann's Amended Motion to Withdraw Plea of Guilty [#63] be **DENIED**.

## V.  Instructions for Service and Notice of Right to Object/Appeal.

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  The party shall file the objections with the clerk of the court, and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to

which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive, or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 18th day of March, 2022.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE