UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD MICHAEL VANN, JR. § | |
| § | |
| Movant, § | |
| v. § | SA-20-CR-0061-OLG |
| § | SA-23-CV-01489-OLG |
| UNITED STATES OF AMERICA § | |
| § | |
| Respondent. § | |

**UNITED STATES' RESPONSE TO MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255**

The United States of America files this response to Defendant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (the "Motion"). Defendant's Motion should be denied for the reasons set out herein.

### I. STATEMENT OF THE FACTS

**A. Factual Background**

After spending years in prison for aggravated robbery, Richard Michael Vann, Jr. began trafficking drugs into the city of San Antonio, Texas. *See* Dkt. No. 33 (Signed Plea Agreement) at 3. Vann transported marijuana and THC extract via commercial airline, then distributed the drugs throughout San Antonio. *Id.* Despite being prohibited from possessing firearms because of his prior felony conviction, Vann also stored guns and drugs at his residence in San Antonio and a nearby storage unit. *Id.*

In 2019, the San Antonio Police Department began a month and a half-long investigation into Vann's drug trafficking activities. *See* Dkt. No. 75 (Magistrate Judge's Report & Recommendation) at 1. Upon receiving a confidential tip that Vann was trafficking drugs, SAPD narcotics officers began to conduct periodic surveillance of Vann's home and storage unit. Dkt.

1

No. 33 at 4. SAPD's investigation included suspected drug transactions and the detection of marijuana aromas at Vann's storage unit. Dkt. No. 75 at 2; *see also* Dkt. No. 64 at 19-20.

On May 6, 2019, after witnessing Vann engaged in a drug deal at the parking lot of an auto shop with a clear bag of marijuana, SAPD arrested him and searched his vehicle. Dkt. No. 75 at 1-2. Officers found Vann in possession of high-grade marijuana, THC extract, and prescription pills. Dkt. No. 33 at 4. After Vann's arrest, SAPD obtained search warrants for his residence and storage unit. Dkt. No. 33 at 4; *see also* Dkt. Nos. 65-1, 65-2.

At Vann's house, officers recovered a loaded Glock 9mm handgun, an unregistered suppressor, firearm magazines and ammunition, 8.2 pounds of high-grade marijuana, 21.7 grams of MDMA pills, 124.3 grams of hashish, 4 grams of methamphetamine, 3.9 grams of cocaine, 4 additional MDMA pills, 127 grams of THC extract, and $71,225.00 in U.S. currency. Dkt. No. 33 at 4; *see also* Dkt. No. 64 at 21-22. Other items found at Vann's home included a heat-sealing machine in Vann's bedroom and two digital scales, all in close vicinity to the pistol in Vann's bedroom. *Id.* At the storage unit, officers recovered a pistol, a 12-gauge shotgun, an AK rifle, and an A15 rifle. *Id.*

**B. Case Background**

A federal grand jury indicted Vann on February 5, 2020, charging him with one count of possessing firearms as a convicted felon, in violation of 18 U.S.C. Section 922(g)(1), one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. Section 924(c), and one count of possession of an unregistered firearm, in violation of 26 U.S.C. Section 5861(d). Dkt. No. 3 (Indictment). Defendant was arrested federally on May 22, 2020. After the Federal Public Defender's Office was initially appointed to represent Vann, he subsequently retained attorneys Neil Calfas and Robbie Ward. Dkt. Nos. 14, 28, 29.

On February 5, 2021, Vann entered into a plea agreement with the Government. Dkt. No. 33. Vann agreed to plead guilty to Count Two, admitting that he possessed firearms in furtherance of a drug trafficking crime, namely, possession with intent to distribute methamphetamine and marijuana, and to Count Three, acknowledging that he possessed the suppressor without proper registration. *Id.* at 1. Vann also agreed to "waive any claims Defendant may have now or may acquire later to any information possessed by the prosecution team that might be subject to disclosure under discovery rules," and to waive "any continuing discovery request and additional discovery." *Id.* at 6. Vann also waived his right to appeal. *Id.* at 6-7. In exchange, the Government agreed to dismiss the remaining charge and not further criminally prosecute Vann for the conduct giving rise to the indictment. *Id.* at 1.

Vann pled guilty to Counts Two and Three before Magistrate Judge Henry J. Bemporad on March 4, 2021. *See* Dkt. No. 62 (Transcript of Plea). During the plea hearing, Vann acknowledged that he had reviewed all the facts in the plea agreement with his attorney, and that he agreed with them. *Id.* at 12. Vann stated he agreed with the plea agreement. *Id.* at 6. Vann confirmed he had discussed the charges with his attorneys, and the consequences of pleading guilty. *Id.* at 6, 9.

Five months later, defense attorney Calfas moved to withdraw from the case, citing that Vann desired to withdraw his guilty plea. Dkt. No 51. Joel Perez was appointed as new counsel for Vann, and three months later, on December 2, 2021, Vann filed a motion to withdraw his guilty plea. Dkt. No. 58. During that three-month timeframe, Vann's new counsel inquired with the Government about additional discovery pertaining to Vann's May 2019 arrest by SAPD. Dkt. No. 75 at 2. The Government obtained a supplemental police report from SAPD and provided it to Vann's new counsel, along with SAPD body-camera footage of the arrest that had been produced to Calfas earlier in the case. Dkt. No. 75 at 3; *see also* Dkt. No. 97 at 31 (Supplemental Report).

3

In his motion to withdraw, Vann argued that the supplemental discovery showed SAPD lacked probable cause to arrest him and search his vehicle on May 6, 2019. Dkt. No. 58 (Motion to Withdraw Guilty Plea). Vann claimed in the motion that he was "legally innocent" and that he had entered his plea prematurely, as the discovery would have impacted his decision to pursue a motion to suppress the evidence. *Id.* at 3.

U.S. Magistrate Judge Elizabeth S. Chestney held an evidentiary hearing on Vann's motion, hearing arguments of the parties and testimony from Neil Calfas. *See* Dkt. No. 87 (Transcript of Evidentiary Hearing). The Magistrate Judge issued a Report & Recommendation on March 18, 2022, recommending that the Court deny Vann's motion. In reaching this recommendation, the R&R applied the seven factors set out in *United States v. Carr*—(1) assertion of innocence, (2) prejudice to the Government, (3) delay in filing withdrawal motion, (4) inconvenience to the Court, (5) close assistance of counsel, (6) knowing and voluntary plea, and (7) waste of judicial resources in making its recommendation. 740 F.2d 339 (5th Cir. 1984). Vann filed no objections to the R&R. On April 6, 2022, this Court adopted the R&R in full and denied Vann's motion to withdraw his guilty plea. Dkt. No. 76.

On December 20, 2022, the Court sentenced Vann to 110 months in prison, comprised of a 50 month-sentence on Count Three and 60 consecutive months on Count Two. Dkt. No. 93 (Judgment). Vann did not file a direct appeal. On November 16, 2023, Vann filed the instant § 2255 Motion. Dkt. No. 97. This Court directed the Government to respond by March 13, 2024. Dkt. No. 100.

## II. STATEMENT OF ISSUES

Vann's Motion alleges ineffective assistance of counsel, contending that his attorneys were ineffective by allowing him to enter into a plea agreement with the Government before reviewing

4

the supplemental material regarding his arrest by SAPD on May 6, 2019. Dkt. No. 97 at 4, 7. Vann further claims that he pled to a "defective indictment" in that the evidence does not support the presence of marijuana and methamphetamine as described in his plea agreement, citing a laboratory report he attaches to his Motion. *Id.* at 5. Vann also argues that the Court abused its discretion in denying his motion to withdraw his guilty plea. *Id.* at 8.

### III. LEGAL AUTHORITY

The two-prong analysis which must be applied to ineffective assistance of counsel claims is set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The movant must first demonstrate that his attorney's performance was deficient. *Id*. at 686. In order to be deficient, counsel's performance must be "outside the wide range of professionally competent assistance." *Id.* at 687. If he succeeds in satisfying the first hurdle, then the movant must also demonstrate that the deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694; *see also United States v. Drones*, 218 F.3d 496, 500 (5th Cir. 2000).

The proper standard for attorney performance is that of reasonably effective assistance. *Strickland*, 466 U.S. at 693. When a convicted defendant complains of ineffective assistance of counsel, the defendant must show that counsel's representation fell below an objective standard of reasonableness under the circumstances. *Id*. at 688. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. *Id*. at 689. The judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within that wide range of reasonable professional assistance. *Id*. at 689; *see also Drones*, 218 F.3d at 500.

Conclusory allegations of ineffective assistance of counsel are not sufficient to raise a constitutional issue. *United States v. Demik*, 489 F.3d 644, 646 (5th Cir. 2007); *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). And "not every attorney error is constitutionally fatal: '[T]he Sixth Amendment entitles a criminal defendant to reasonable, but not perfect, representation of counsel.'" *United States v. Lincks*, 82 F.4th 325, 332 (5th Cir. 2023) (citation omitted).

"In the context of a guilty plea, a defendant must show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Mangum v. Hargett*, 67 F.3d 80, 84 (5th Cir. 1995) (citation omitted). "If the petitioner claims that counsel erred by failing to investigate or discover certain exculpatory evidence, the prejudice determination will depend upon whether the discovery of such evidence would have influenced counsel to change his advice regarding the guilty plea." *Id.* This question, in turn, "depends on [counsel's] prediction whether the evidence would change the outcome of the trial." *Id.*

## IV. ARGUMENT

### A. Alleged Ineffective Assistance of Counsel

Vann's primary argument is that his counsel was ineffective by "allowing the defendant to enter into a plea agreement before reviewing the evidence that was used to gain warrants [for his] storage shed and home[.]" Dkt. No. 97 at 4. Vann refers to the supplemental report detailing SAPD's observations of Vann participating in a drug deal at a business parking lot, which then led to his arrest and the search of his car. *Id.* at 31; *see also* Dkt. No. 97 at 31. Vann claims that if this report had been available to him prior to the entry of his guilty plea, he would not have pled guilty. Because Vann cannot show that his counsel was constitutionally defective, or that he suffered any prejudice because of that alleged deficiency, this claim should be rejected.

6

### *1. Vann's counsel was not constitutionally deficient.*

Counsel was not constitutionally deficient in permitting Vann to enter a guilty plea without obtaining the supplemental police report related to his arrest. An attorney "has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. But "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Id.*

Vann's federal charges were not premised on his arrest or the search of his car. Instead, these events were only a portion of the facts referenced in SAPD's search warrants for Vann's home and storage unit, where the guns and drugs supporting his federal indictment were found. Dkt. No. 97 at 41. Based on the wealth of evidence in this case, including SAPD's discovery of weapons and drugs at Vann's home and storage unit pursuant to search warrants, it was not unreasonable for counsel to engage in plea negotiations with the Government and permit Vann to enter a guilty plea without examining every piece of information that made up the search warrant affidavit.

Calfas's affidavit does not change this result. Calfas acknowledges that he discussed the evidence he had against Vann, including the reports and documents that had been provided by the Government, and read the reports in his possession to Vann. Dkt. No. 97 at 48-49. Prior to Vann entering a guilty plea, Calfas had also received the body-camera footage of Vann's arrest. Dkt. No. 87 at 42; *see also* Dkt. No. 75 at 3. Considering all these facts, counsel's decision to allow Vann to plead pursuant to a plea agreement was not unreasonable under the circumstances.

Vann received the benefit of the Government's plea offer, which included the dismissal of a federal charge, full credit for acceptance of responsibility, and a promise not to further prosecute

Vann for the conduct at issue. His attorneys were not objectively unreasonable in permitting him to enter into this plea agreement without obtaining the supplemental report that provided additional details of SAPD's surveillance activities the day of his arrest.

### *2. Vann was not prejudiced by deficient attorney performance.*

But even assuming *arguendo* that Vann's counsel acted deficiently, Vann fails to show that he suffered any prejudice under the second step of the *Strickland* test. To prevail on this prong in the context of a guilty plea, Vann must show "there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). This is not supported by the record.

Vann never suggests that he wanted a trial in this case, even *had* he received the supplemental SAPD report prior to his guilty plea. Instead, Vann's Motion makes clear that he wanted to file a motion to suppress. Dkt. No. 97 at 18. This is corroborated by statements from Vann's most recent counsel, Joel Perez, who told the Magistrate Judge at the evidentiary hearing that Vann only wanted to withdraw his guilty plea so he could file a motion to suppress. Dkt. No. 87 at 9, 10, 13. Perez said, "[i]f the defendant were to fail in his motion to suppress, that would be as far as it would go[.]" *Id.* at 10.

Vann is not prejudiced by deficient attorney conduct simply because he would have wanted to file a motion to suppress based on the supplemental report—instead, Vann must show that his motion to suppress would have been *meritorious*. *See Kimmelman v. Morrison*, 477 U.S. 365 (1986) ("Where defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice."). Vann's

Motion does not do this.

Vann fails to establish how anything in the discovery—including the supplemental report—demonstrates that the evidence later obtained from his house and storage unit would have been suppressed. The supplemental report describes SAPD witnessing Vann engaged in a drug deal in a business parking lot, just as summarized in Vann's plea agreement. Dkt. No. 97 at 31.[1] Vann cannot meet his burden with conclusory statements that the SAPD submitted "bare bones affidavits," or that the search warrant affidavits had insufficient probable cause, especially since those affidavits were already available to Vann and his counsel before he pled guilty.

The Magistrate Judge's R&R further explains the lack of a meritorious motion to suppress available to Vann in this case:

> [E]ven if Defendant is correct that SAPD lacked probable cause to search his vehicle, a motion to suppress is unlikely to succeed. Defendant focused on one paragraph of the search warrant affidavits and ignores the other four paragraphs detailing additional bases for probable cause to search Defendant's residence and storage unit. Furthermore, even if probable cause was lacking, the evidence discovered as a result of the execution of those warrants would still likely be admissible under the "good-faith" exception.

*See* Dkt. No. 75 at 5 n.2 (citations omitted). SAPD had ample probable cause for Vann's home and storage unit. The warrant for Vann's residence featured a variety of facts detailing SAPD's investigation and his drug trafficking activities over time—none of which could be changed by Vann's attack on the search of his vehicle. And a suppression motion would have been doubly unlikely to prevail because the officers still would have relied in good faith on a signed search

---

[1] To the extent that Vann is claiming officers violated his rights through a warrantless search of his vehicle, this argument would be unlikely to prevail in a motion to suppress. The supplemental report narrates how SAPD observed Vann take a clear bag of marijuana out of a backpack from his vehicle and hand some marijuana over to another individual, then place the backpack in his trunk. "[P]olice may stop and search a vehicle without obtaining a warrant if they have probable cause to believe it contains contraband." *United States v. Beene*, 818 F.3d 157, 164 (5th Cir. 2016). "A police officer has probable cause to conduct a search when "the facts available to [him] would 'warrant a [person] of reasonable caution in the belief'" that contraband or evidence of a crime is present." *Florida v. Harris*, 568 U.S. 237, 243 (2013).

warrant. *See United States v. Leon*, 468 U.S. 897, 104 (1984).

Vann's own exhibits belie his claims. Nowhere in his affidavit does attorney Calfas assert that anything in the supplemental discovery would have changed his ultimate advice for Vann to plead guilty. On the contrary, Calfas says he advised Vann that attempting to withdraw his guilty plea would ***not*** be in his best interest. Dkt. No. 97 at 49. This, too, points to a lack of prejudice.

By contrast, Vann's counsel admitted at the evidentiary hearing that Vann was not asserting actual innocence. Dkt. No. 75 at 4; *see also* Dkt. No. 87 at 19. Instead, Vann signed a plea agreement admitting to a laundry list of facts detailing his drug trafficking and corresponding possession of weapons. Dkt. No. 33. Vann stated under oath at his plea hearing that the facts in the factual basis of his plea agreement were accurate. Dkt. No. 62. And Vann provided a written statement to the U.S. Probation Office admitting his guilt in this case and accepting responsibility for his actions. Dkt. No. 75 at. Vann's Motion cannot show that he would have taken a different path and insisted on a trial if his counsel had obtained the supplemental material earlier. Vann has failed to show prejudice as required under the *Strickland* test.

### B.  Alleged Defective Indictment

Next, Vann argues that the indictment "was lacking the evidence to support a conviction" by listing drugs that were "not found" during the search of his residence. Dkt. No. 97 at 5. Specifically, Vann claims that the marijuana at his house was hemp, and he did not actually possess methamphetamine. Vann attaches a Bexar County laboratory report containing his own handwritten commentary, asserting that no one showed him this report before entry of his plea. *See, e.g.*, Dkt. No. 97 at 33, 34.

Vann's claims are belied by the evidence and his plea agreement. Vann himself admitted that he had been trafficking high-grade marijuana into San Antonio as part of the factual basis in

his plea agreement, and that he possessed high-grade marijuana at his house. Dkt. No. 33 at 3, 4. He confirmed on the record at his plea hearing that everything in the factual basis was true and correct. Dkt. No. 62. Vann's lab report identifies 8.2 pounds of cannabis seized from his house, with the note that the "laboratory currently cannot quantitate the percentage of THC or CBD present and therefore cannot determine potency." Dkt. No. 97 at 34. Vann then handwrote, "Hemp Not High grade." *Id.*

The report does not, as Vann asserts, show that the substance was hemp—it simply says the laboratory could not determine its potency. But Vann admitted as part of his plea agreement that he had marijuana at his house. Dkt. No. 33 at 4. He also admitted that he had been trafficking high-grade marijuana into San Antonio well before this seizure, as identified by SAPD during its investigation leading up to the search of Vann's house. *Id.* at 3, 4.

Apart from the marijuana, Vann also admitted as part of his plea agreement that he used firearms to further his distribution of *methamphetamine*. Dkt. No. 33 at 4. The laboratory report attached by Vann clearly shows that substances recovered from his home did test positive for methamphetamine. Dkt. No. 97 at 33. Vann cannot alter this result by handwriting "X-Pills" across these lab entries. This means that, even crediting Vann's claim regarding the marijuana for sake of argument, he still would not be able to show prejudice on this claim since he also pled guilty to possessing firearms in furtherance of methamphetamine trafficking.

To the extent that Vann is claiming his attorneys were ineffective by not providing this report to him, the result does not change. Vann admitted to a series of facts in his plea agreement and at the plea hearing acknowledging he was trafficking marijuana and methamphetamine, and using guns to do so. The report does not prove that the marijuana Vann possessed was hemp, as Vann suggests, and does prove affirmatively that Vann possessed methamphetamine. Dkt. No. 97

11

at 32-34. His claim of a defective indictment does not justify habeas relief, and Vann suffered no prejudice from his attorneys permitting him to enter a guilty plea.

### C. Abuse of Discretion in Denying Motion to Withdraw Guilty Plea

Vann makes a conclusory statement that the Court "abused its wide discretion" in denying his motion to withdraw his guilty plea. As Vann concedes, he did not file a direct appeal in this case. But even assuming *arguendo* that this issue is properly before the Court, the claims lacks merit. The Magistrate Judge held an evidentiary hearing on Vann's request to withdraw his guilty plea, listened to arguments of the parties, heard testimony from Vann's former counsel, and issued an R&R that conducted a thorough evaluation of the seven *Carr* factors. Vann did not file objections to the R&R. Vann fails to show how the Court abused its discretion in adopting the R&R in full and denying the motion to withdraw the guilty plea.

### D. Prosecutorial Misconduct

While not delineated as an independent ground for habeas relief, Vann makes passing references to *Brady* violations and "prosecutorial misconduct" by the Government for an alleged failure to provide the supplemental report described above.[2] "If a prosecutorial misconduct claim is raised for the first time in a § 2255 motion, the claim is procedurally barred unless the movant satisfies the rigorous 'cause' and 'actual prejudice' standard." *Davis v. United States*, MO-08-CR-048, 2011 WL 13300023 (W.D. Tex. Oct. 28, 2011). To establish a *Brady* violation, the movant "must show: (1) the evidence at issue was favorable to the accused, either because it was exculpatory or impeaching; (2) the evidence was suppressed by the prosecution; and (3) the evidence was material." *Reeder v. Vannoy*, 978 F.3d 272, 277 (5th Cir. 2020) (internal quotation marks omitted) (quoting *United States v. Glenn*, 935 F.3d 313, 319 (5th Cir. 2019)).

---

[2] By way of an advisory to the Court, and completely without evidence, he also accuses the Assistant U.S. Attorney who prosecuted his case of planning to have him murdered in prison. Dkt. No. 99. These claims are entirely baseless.

This is the first time that Vann has raised this issue, as he failed to do so on direct appeal. But even assuming this claim is properly before the Court procedurally, Vann falls far short of demonstrating that any prosecutorial misconduct or *Brady* violation occurred. Vann entered into a plea agreement waiving his right to any further discovery. Dkt. No. 33. After this, his counsel asked the Assistant U.S. Attorney prosecuting the case to inquire about additional materials held by SAPD. Dkt. No. 75 at 2, 3. The Government complied with this request, obtained the supplemental report, and produced it to the defense. *Id.* Vann does not explain how the supplemental report contained evidence that was favorable to him, how it was suppressed by the Government, or how it was material, other than making conclusory statements that these were "key reports." Dkt. No. 97 at 8. Vann similarly fails to make this showing for body-camera footage of his arrest, which the Magistrate Judge's R&R noted the Government did produce to Vann's counsel earlier in his case. Dkt. No. 75 at 3. Vann cannot show prosecutorial misconduct.

## V. EVIDENTIARY HEARING

A Section 2255 motion can be denied without an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998)). The record in this case already includes documents that are central to the claims raised in Vann's Motion. Since the issues presented by Vann can be resolved on the basis of the conclusive record in this case, an evidentiary hearing is unnecessary.

## VI. CERTIFICATE OF APPEALABILITY

Statute prescribes strict guidelines for appeal of a final order in a federal habeas case.

Specifically:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c)(2). *See Lackey v. Johnson*, 116 F.3d 151, 151 (5th Cir. 1997) (noting a certificate of appealability is granted on an issue-by-issue basis, thereby limiting appellate review to those issues). A movant satisfies the certificate of appealability standard by demonstrating that reasonable jurists would find a court's "assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDonald*, 529 U.S. 473, 484 (2000). Vann has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Vann's claims should be rejected and this Court should decline to issue a certificate of appealability.

### VII. CONCLUSION

Vann, while remorseful about his guilty plea, fails to show that his counsel acted deficiently under *Strickland*, or that he suffered from prejudice at any stage of his case. His sentence should not be disturbed. For the reasons above, the Court should deny Vann's Motion in full.

Respectfully Submitted,

JAIME ESPARZA
United States Attorney

        /s/
WILLIAM F. CALVE
Assistant United States Attorney
Texas State Bar No. 24096505
601 NW Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7132

## CERTIFICATE OF SERVICE

I certify that on March 13, 2024, a true and correct copy of this response was electronically filed with the Clerk of the Court using the CM/ECF System. I further certify that a copy will be mailed to the following address:

Richard Michael Vann, Jr.
Pro Se
48460-480
FCI
P.O. Box 1000
Talladega, AL

                                        /s/
                          WILLIAM F. CALVE
                          Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RICHARD MICHAEL VANN, JR. § | |
| § | |
| Movant, § | |
| v. § | SA-20-CR-0061-OLG |
| § | SA-23-CV-01489-OLG |
| UNITED STATES OF AMERICA § | |
| § | |
| Respondent. § | |

**ORDER**

On this date came on to be considered Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255, the Government's response thereto, as well as the entire record. After careful consideration, it is determined by the Court that the Movant's § 2255 Motion should be in all things **DENIED**.

SIGNED this ___ day of _____, 2024

_____
HONORABLE ORLANDO GARCIA
UNITED STATES DISTRICT JUDGE